## Sprague Sells Corporation v. Garrahan Canning Company.

*George M. Tustin*, for rule; *R. S. Hemingway*, contra.

EVANS, P. J., Dec. 3, 1928.—This proceeding comes before the court on petition of W. J. Phillips for a rule to show cause why the writ of replevin issued in this case should not be quashed and the plaintiff's answer to said petition, challenging and denying the petitioner's right to have the writ, quashed.

July 25, 1925, the plaintiff issued the writ to recover from the Garrahan Canning Company, the defendant, certain machinery installed in defendant's buildings in the town of Bloomsburg. At the time of filing the præcipe for the writ and the affidavit of value, the plaintiff also filed a replevin bond with surety in the sum of $18,625.08, double the value of the machinery sought to be replevied, conditioned as required by section 1 of the Act of April 19, 1901, P. L. 88.

Feb. 6, 1928, W. J. Phillips, owner, petitioned the court to quash the writ, averring, *inter alia,* therein that, before the writ of repelvin issued, the plaintiff did not execute and file with the prothonotary a valid enforceable bond or obligation, such as is required by section 1 of the Act of April 19, 1901, in that the bond was not properly executed by the plaintiff corporation nor by the surety named therein.

Aug. 13, 1928, the Sprague Sells Corporation, plaintiff, with leave of court, filed in the prothonotary's office a "Plaintiff's Bond in Replevin," with surety, in lieu of the original bond filed in the case July 25, 1925. The new bond was approved by the prothonotary the same day and is drawn in the penal sum of $18,625.08, conditioned that if the plaintiff, Sprague Sells Corporation, shall fail to maintain its title to said goods and chattels, and shall not pay to the party thereunto entitled the value of said goods and chattels and all legal costs, fees and damages which the defendant or other persons to whom such goods and chattels so replevied belong may sustain by reason of the issuance of such writ of replevin, then this bond to remain in full force and virtue, otherwise to be void and of no effect.

The new or substituted bond amply protects the rights of the petitioner, W. J. Phillips, who, at most, may become an intervening party under section 3 of the act, but for the present is not a party to the record and has no standing to file this petition.

Section 8 of the Replevin Act of April 19, 1901, authorized the court to revise the action of the prothonotary with respect to fixing the amount of the bond and the approval or rejecting the security offered, or may permit the substitution of bail for that already given.

And now, Dec. 3, 1928, the rule to show cause why the writ should not be quashed is, therefore, discharged.

From R. S. Hemingway, Bloomsburg, Pa.